In re Jorge A. ARISPE, Debtor.

No. 01–42962–BKC–RAM.

United States Bankruptcy Court, S.D. Florida.

Dec. 23, 2002.

---

Nancy N. Herkert, Hialeah, FL, Standing Chapter 13 Trustee.

Jordan E. Bublick, Miami, FL, for Debtor.

### MEMORANDUM OPINION AND ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

ROBERT A. MARK, Chief Judge.

The Trustee's objection to the Debtor's claimed exemptions in this Chapter 13 case presents a novel issue: Is a debtor who *resides* in Florida, but is not *domiciled* in Florida, entitled to utilize the federal bankruptcy exemptions. The Court concludes that the answer is yes. The debtor is entitled to the federal exemptions even though the Florida opt-out statute specifically precludes Florida residents from utilizing the federal exemption. The reason is simple. Florida's opt out statute does not apply since the Debtor was not domiciled in Florida when he filed his bankruptcy case.

### Factual and Procedural Background

On December 10, 2001, Jorge Arispe ("Debtor") filed a voluntary bankruptcy petition under Chapter 13. On the petition date, the Debtor owned property and was living in the state of Florida. During the § 341 Meeting of Creditors, the Debtor informed the Chapter 13 Trustee ("Trustee") that the Debtor is neither a United States citizen nor a permanent resident of the United States. The Debtor claimed exemptions for personal property on his schedule C pursuant to 11 U.S.C. § 522(b)(1) and § 522(d) (the "Federal Exemptions").

On February 4, 2002, the Trustee filed an Objection to Exemptions. The Trustee argues first that the Debtor is not entitled to utilize Florida's exemptions since he was not *domiciled* in Florida. Second, the Trustee argues that as a Florida *resident*, Florida's opt-out statute, § 222.20 (the "Florida Opt–Out Statute") precludes him from utilizing the Federal Exemptions.

The Court directed the parties to submit memoranda and a hearing was conducted on the Objections to Exemptions on July 8, 2002.

### Discussion

The dispositive issue before this Court is whether a non immigrant alien debtor,

who is entitled to file a bankruptcy petition under the Bankruptcy Code, is entitled to the Federal Exemptions when the debtor is not domiciled in any state.

### A. *Applicable Burden of Proof*

■ Under Federal Rules of Bankruptcy Procedure 4003(c), the Trustee, as the objecting party, bears the burden to establish that the Debtor is not entitled to the claimed exemption. The Trustee must prove that the Florida Opt–Out Statute applies to non-immigrant alien debtors that reside in the state of Florida, precluding the Debtor from utilizing the Federal Exemptions.

### B. **Non–Immigrant Alien Debtors who Reside in the State of Florida** *Are Entitled to Utilize the Federal Exemptions Under 11 U.S.C. § 522(b)*

■ Both parties stipulate that the Debtor is eligible to be a debtor in bankruptcy even though he is not a United States citizen and does not have his domicile in the United States or the State of Florida. Pursuant to 11 U.S.C. § 109(a), a person who resides or has property in the United States may be a debtor. Venue is proper in the Southern District of Florida since this is where the Debtor resides and this district is the location of his principal assets. Having established that the Debtor is properly before the Court, the question is—can he utilize the Federal Exemptions to protect some of his assets?

Resolution of the issue requires an analysis of § 522(b) of the Bankruptcy Code and Florida Statute § 222.20, Florida's Opt–Out Statute. Section 522(b) of the Bankruptcy Code and, in particular, § 522(b)(1) and § 522(b)(2)(A), describe the exemptions available to debtors. These provisions allow a debtor to exempt from property of the estate:

(1) property that is specified under subsection (d) of this section, *unless the*

*State law that is applicable to the debtor* under paragraph (2)(A) of the subsection specifically does not authorize, or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's *domicile* has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer period of such 180–day period than in any other place.

(emphasis added).

Section 222.20, Florida Statutes, provides, in pertinent part:

In accordance with the provisions of § 522(b) of the Bankruptcy Code..., *residents* of this state shall *not* be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code.

(emphasis added). Since it is stipulated that the Debtor is a Florida *resident,* the Trustee argues that the Florida Opt–Out Statute applies and precludes the Debtor from utilizing the Federal Exemptions.

The Debtor asserts that the Florida Opt–Out Statute does not apply. He cites the language in § 522(b)(1) allowing him to claim the Federal Exemptions unless not authorized by the State law *that is applicable* to the Debtor under § 522(b)(2)(A). *Id.* Section 522(b)(2)(A) would trigger reference to Florida's Opt–Out Statute only if the Debtor had been *domiciled* in Florida for 180 days pre-petition, or for the longest period of 180 days pre-petition. *See* 11 U.S.C. § 522(b)(2)(A). Since it is stipulated that the Debtor was not domiciled in Florida or any state in the 180 days prior to filing the petition, § 522(b)(2)(A)'s deference to a state to opt-out is never initiated. As such, argues the Debtor, he is not subject to Florida's Opt–Out Statute and is entitled to the Federal Exemptions.

The main difference between the Trustee's position and that of the Debtor is their respective points of departure. The Debtor focuses his argument on the fact that he is not *domiciled* in any state, and therefore no states' opt-out provision kicks in under 11 U.S.C. § 522(b), resulting in the Debtor's entitlement to the Federal Exemptions. By contrast, the Trustee emphasizes the fact that the Debtor is a *resident* of Florida, and because the State's opt-out provision specifically applies to residents, the Debtor is not entitled to the Federal Exemptions.

The Debtor's position is supported by Collier:

> For those who have no domicile in any state during this period [180 days pre-petition], the option to claim the federal exemptions enumerated in section 522(d) is provided by the Code under section 522(b)(1). Section 522(b)(1) provides that the federal exemption alternative is available unless state law applicable to the debtor affirmatively prohibits a choice. If no state's law is applicable due to the debtor's lack of *domicile*, the federal exemptions set forth in section 522(d) are still available.
>
> *Collier 15th ed. on Bankruptcy*, 522.06 (emphasis added).

The Court agrees with the Debtor and Colliers. The Trustee's analysis does not comport with the language or the policy of the Bankruptcy Code. It is of no consequence that the Florida Opt–Out Statute uses the term "resident," because this Court does not look to Florida law under § 522(b) if the Debtor is not domiciled in Florida. Furthermore, although this decision is based on statutory interpretation, not policy considerations, it is certainly worth mentioning that adopting the Trustee's view would deny this Debtor the right to any exemptions. This is not the result intended by Congress in allowing the states to opt out of the federal exemption statutes. Just because a non-immigrant alien is not domiciled in any state, he should not be treated as a "naked debtor" without the right to even exempt the clothes on his back. Congress provided an opportunity for these foreign citizens to seek relief in our bankruptcy courts. Surely Congress did not intend to deprive them of the right to exempt a portion of their assets.

### Conclusion

This Court holds as a matter of law that Florida Statute § 222.20 does not apply to non immigrant alien debtors that reside in the state of Florida, but are not domiciled in Florida when they file their bankruptcy petition. Thus, the Opt–Out Statute does not prevent them from utilizing the federal exemptions under 11 U.S.C. § 522(b). Therefore, it is—

**ORDERED** that the Trustee's objection to the claimed exemptions is OVER-RULED.